OPINION
{¶ 1} Plaintiff-appellant, Jerry Collins, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, denying him visitation with a child. We affirm the juvenile court's decision.
 {¶ 2} Appellant and defendant-appellee, Martha Collins, were married in May 1998. The child who is the subject of this case, C.W., was born to appellee in August 1999. In August 2001, appellant filed a divorce complaint in the Fayette County Court of Common Pleas, Domestic Relations Division. Appellant's divorce complaint alleged that C.W. was issue of the marriage. In appellee's answer, she alleged that appellant was not the biological father of C.W., and requested that the court order a paternity test. The domestic relations court granted appellee's request, and the results of the paternity test revealed that appellant was not the father of C.W. After issuing a temporary order granting appellant limited visitation with C.W., the domestic relations court transferred the parenting issues of the case to the juvenile division of the common pleas court.
 {¶ 3} Appellee subsequently filed a parentage action in the juvenile court against Christopher Williams. A paternity test revealed that Williams was the biological father of C.W. In November 2002, appellee and Williams reached a shared parenting agreement through mediation, which the juvenile court adopted.
 {¶ 4} In December 2002, appellant filed a motion in the juvenile court seeking an order granting him visitation with C.W. The juvenile court set a hearing date of April 2003 to determine whether it would grant visitation rights to appellant. Following the hearing, the court denied appellant's motion. In its decision denying the motion, the court relied on the United States Supreme Court decision of Troxel v. Granville (2000), 530 U.S. 57,120 S.Ct. 2054, in finding that the wishes of the biological parents were entitled to "special weight." Appellee and Williams testified at the hearing that they did not want appellant to have visitation with C.W.
 {¶ 5} Appellant now appeals the juvenile court's decision denying his motion for visitation, assigning one error as follows:
 {¶ 6} "The Trial court committed an error in determining the weight to be awarded to the parents' wishes regarding the visitation and determining what the parents' wishes were."
 {¶ 7} The testimony of appellee and Williams at the April 2003 hearing is undisputed: they testified that they did not want appellant to have visitation with C.W. However, appellant argues that their actions prior to the hearing indicated that they did not oppose visitation. Appellant argues that the juvenile court did not take this inconsistency into account when determining the biological parents' wishes and the proper weight to give those wishes.
 {¶ 8} An appellate court will not reverse the trial court's determination as to visitation issues absent an abuse of discretion. In re McCaleb, Butler App. No. CA2003-01-012, 2003-Ohio-4333, at ¶ 5; In re Allen, Butler App. No. CA2002-10-238, 2003-Ohio-2548, at ¶ 10. More than an error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In determining whether to grant visitation rights to a non-parent, the trial court is required to consider the 15 factors listed in R.C. 3109.051(D)(1)-(15). The trial court is also required to consider "[a]ny other factor in the best interest of the child." R.C. 3109.051(D)(16). Under the fifteenth factor, a trial court must consider the following: "In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court[.]" R.C. 3109.051(D)(15).
 {¶ 10} There is a presumption that a fit parent acts in the best interest of his or her children, and a fit parent's decision regarding visitation should be afforded great deference. Bakerv. Baker, Brown App. No. CA2002-04-008, 2003-Ohio-731, at ¶ 10;Epps v. Epps (Aug. 9, 2001), Ashland App. No. 01COA01403, explaining Troxel. Absent an allegation of parental unfitness, the parents' determination of their child's best interest must be afforded "special weight." See Troxel, 530 U.S. at 69. We note that there are no allegations in the record that either appellee or Williams are unfit to be parents. To the contrary, the juvenile court explicitly found that appellant, appellee, and Williams are all fit to parent C.W.
 {¶ 11} In its decision, the juvenile court analyzed each of the 15 factors in R.C. 3109.051(D). The court found that factors one through 14 were "equally balanced," and that factor 15 and the "[a]ny other factor in the best interest of the child" requirement of R.C. 3109.051(D)(16) were "the crux of the case." The court found that appellee had not overcome the "special weight" required to be given to the wishes of appellee and Williams. Therefore, the court denied appellant's motion for visitation.
 {¶ 12} Appellant argues that although appellee and Williams testified at the hearing that they did not want appellant to have visitation, their prior actions indicated that they did not object to appellant's visitation. Appellant argues that those prior actions should have been considered by the juvenile court in determining the parents' wishes under R.C. 3109.051(D)(15). Specifically, appellant states that Williams did not object to appellant's relationship with C.W. for approximately three years, though he had reason to believe that C.W. was his child. With regard to appellee, appellant states that she did not object to his relationship with C.W. for several years, even after it was determined that he was not C.W.'s biological father.
 {¶ 13} After thoroughly reviewing the record, we find no abuse of discretion by the juvenile court. R.C. 3109.051(D)(15) states that the juvenile court must consider "the wishes and concerns of the child's parents, as expressed by them to thecourt[.]" (Emphasis added). While appellee and Williams may not have objected to appellant's visitation with C.W. at certain times prior to the hearing, they clearly expressed to the juvenile court at the hearing that they strongly opposed appellant having visitation. Specifically, appellee testified that allowing appellant visitation would result in confusion for C.W. and would disrupt C.W.'s bonding with Williams. Pursuant toTroxel, the juvenile court was required to give "special weight" to the determination by appellee and Williams of C.W.'s best interest. We find that the juvenile court gave appropriate weight to the wishes and concerns clearly expressed by C.W.'s parents at the hearing.
 {¶ 14} Accordingly, we overrule appellant's sole assignment. The juvenile court did not abuse its discretion in weighing the factors in R.C. 3109.051(D) and denying appellant's motion for visitation.
 {¶ 15} Judgment affirmed.
Walsh and Valen JJ., concur.