[Cite as *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

BARRIENTOS,

     APPELLEE,                        CASE NO. 5-11-22

     v.

BARRIENTOS,                         O P I N I O N

     APPELLANT.

**Appeal from Hancock County Common Pleas Court,
Domestic Relations Division
Trial Court No. 2007-DR-426**

**Judgment Reversed and Cause Remanded**

**Date of Decision: November 7, 2011**

APPEARANCES:

     Kelton K. Smith, for appellee.

     William E. Clark, for appellant.

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant, Guillermo M. Barrientos, brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, granting a divorce, dividing property, and awarding spousal support to plaintiff-appellee, Joyce A. Barrientos. For the reason set forth below, the judgment is reversed.

{¶ 2} On August 22, 2000, Guillermo was injured in an industrial accident and was hospitalized for three weeks. When he returned home, Joyce provided for his care, as they had been living together for nearly two years prior to the accident. The couple then married on October 20, 2000. A settlement agreement was reached concerning the accident, and Guillermo received a large sum of money in checks made out to him. The parties used the money to make various purchases, lived on some of it, and invested some.

{¶ 3} On December 12, 2007, Joyce filed a complaint for divorce. A final hearing was held on November 13, 2008. The magistrate issued her recommendations on December 17, 2008. Guillermo filed objections to the magistrate's recommendations. On February 17, 2011, the trial court overruled the objections and issued its decision. The trial court issued its judgment entry granting the divorce on April 14, 2011. Guillermo appeals from this judgment and raises the following assignments of error.

First Assignment of Error

The trial court erred in applying an "abuse of discretion" standard of review.

Second Assignment of Error

The trial court's characterization of the settlement proceeds as marital property is against the manifest weight of the evidence.

Third Assignment of Error

The magistrate improperly used the federal poverty level to establish the amount of spousal support.

Fourth Assignment of Error

The duration of spousal support is unsupported by both case law and the evidence.

{¶ 4} In the first assignment of error, Guillermo alleges that the trial court used the wrong standard of review in evaluating the case. Guillermo alleges that the trial court used an abuse-of-discretion standard rather than conducting an independent review as required by Civ.R. 53(D)(4)(d):

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Thus, the trial court's review of a magistrate's decision is de novo. *Goldfuss v. Traxler*, 3d Dist. No. 16-08-12, 2008-Ohio-6186, ¶ 7. The trial court must independently review the record and make its own factual and legal findings, but it may rely upon the credibility determinations made by the magistrate. *Gilleo v. Gilleo*, 3d Dist. No. 10-10-07, 2010-Ohio-5191, ¶ 47. Once the de novo review is complete, the trial court may adopt, reject, or modify the magistrate's decision. *Tewalt v. Peacock*, 3d Dist. No. 17-10-18, 2011-Ohio-1726, ¶ 31.

{¶ 5} When reviewing the judgment of the trial court, an appellate court uses an abuse-of-discretion standard. Id. at ¶ 11. A failure of the trial court to conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion. *Figel v. Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, ¶ 10. The appellate court must presume that a trial court has performed an independent review of the magistrate's recommendations unless the appellant affirmatively demonstrates the contrary. *Gilleo* at ¶ 46.

{¶ 6} Here, Guillermo claims that the trial court failed to conduct an independent review of the record. The trial court ruled on the objections to the magistrate's recommendations on February 17, 2011, and stated as follows:

> Upon consideration of the objections to the magistrate's decision as filed by the Defendant the Court finds, pursuant to Rule 53(D) of the Ohio Rules of Civil Procedure as follows:

The Court, in reviewing the party's motions, finds that the Magistrate's findings are reasonable determinations and are *not an abuse of discretion.* * * *

* * *

As such, the Court finds that the Magistrate's recommendation as to spousal support is *not an abuse of discretion.* * * *

* * *

In his fifth objection, Defendant contends that the Magistrate erred in findings that Defendant's income was sixty thousand dollars ($60,000) prior to his work-related injury. However, in reviewing the transcript, the Court has found testimony from both Plaintiff * * * and Defendant * * * purporting that, prior to the injury, Defendant's income was at least sixty thousand dollars ($60,000) per year. As such, the Court finds that the Magistrate's determination was *not an abuse of discretion.* Defendant's fifth objection is found not well taken and accordingly overruled.

In his sixth objection, Defendant contends that Magistrate's finding regarding Defendant's available medical insurance benefits was in error. The Magistrate found that Defendant had "insurance benefits available and there was no evidence of current expense." * * * Having reviewed the transcript, the Court finds that Defendant testified on direct examination that he had started receiving some type of assistance in paying medical bills. Furthermore, the Court found that there was no evidence of Defendant's current medical expense. As such, the Court finds that the Magistrate's finding was *not an abuse of discretion.* Defendant's sixth objection is found not well taken and accordingly overruled.

It is therefore ORDERED, ADJUDGED, and DECREED that, pursuant to Rule 53(D) of the Ohio Rules of Civil Procedure, that the objections of [Guillermo] to the Magistrate's decision as filed on December 17, 2008 are found not well taken and accordingly overruled.

(Emphasis added.)

**{¶ 7}** In the entry, the trial court cited the correct rule twice. However, the trial court repeatedly appeared to be reviewing the record to determine whether an abuse of discretion occurred. This is not the same as an independent review of the matter and would not be proper. See *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, 931 N.E.2d 592, ¶ 14. The failure to conduct a de novo review of the magistrate's decision and independently evaluate the evidence and apply the law is an abuse of discretion by the trial court. *Figel*, 2009-Ohio-1659, at ¶ 10. A mere recitation of the rule number alone is not sufficient for this court to presume that the proper standard of review was used when, as here, the opinion repeatedly refers to how there was no abuse of discretion by the magistrate. Based upon the language of the trial court's decision and order of February 17, 2011, this court is unable to determine that the proper standard of review was applied. Thus, the first assignment of error is sustained.

**{¶ 8}** In the second assignment of error, Guillermo claims that the magistrate and subsequently the trial court erred in determining that the settlement proceeds were marital property. Guillermo claims that this determination was against the manifest weight of the evidence. A review of the matter indicates that the issue to be determined is which party bears the initial burden of showing that

the property is either separate or marital. However, having determined that the trial court may not have used the correct standard of review when reviewing the magistrate's recommendations, this issue need not be determined by this court at this time. This court therefore makes no ruling on whether the property is separate or marital, leaving this issue to the trial court to determine upon proper review. As the prior findings may change upon further review, this court dismisses the second assignment of error as moot.

{¶ 9} The third and fourth assignments of error claim that the trial court erred in considering the federal poverty level when determining the amount of spousal support and erred in determining the duration of the spousal support. Like the second assignment of error, these claims are also subject to review by the trial court on remand. They are thus moot as well, and the third and fourth assignments of error are dismissed.

{¶ 10} For the reason set forth above, we reverse the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, and remand for further proceedings.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.