**[Cite as *In re C.K.*, 2013-Ohio-4513.]**

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: C.K. and T.K.                    :

                                        :        C.A. CASE NO.    25728

                                        :        T.C. NO.    2012-4179
                                                             2012-4181

                                        :
                                                 (Civil appeal from Common
                                        :          Pleas    Court,    Juvenile
                                                 Division)

                                        :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____11th____ day of ___October___, 2013.

· · · · · · · · · ·

J.K.
        Appellee

R.M. and B.M.
        Appellees

T.K., Jr.
        Appellant

· · · · · · · · · ·

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the pro se Notice of Appeal of the father of T.K. and the step-father of C.K., hereinafter "Father." Father, who is incarcerated in Chillicothe, Ohio, appeals from the April 10, 2013 decision of the juvenile court that overruled his objections to the magistrate's decision that dismissed his petitions for visitation with T.K. and C.K., overruled his motion to compel his attendance at the visitation hearing, and denied his request for findings of fact and conclusions of law. No response was filed to Father's brief herein

**{¶ 2}** By way of background, on June 6, 2012, R.M. and B.M. filed petitions in the juvenile court seeking custody of T.K. and C.K. The petitions indicate that R.M. is the children's maternal grandmother, and that their mother, J.K. has custody of them, although the children reside with A.G., their great-grandmother. The petitions provide that T.K. was born on December 18, 2002, and that C.K. was born on September 13, 2001, and that C.K.'s father is deceased. Each petition provides that J.K. "is an alcoholic, she is not able to take care of her children[.] Their Great-Grandmother [A.G.] is getting too old to be able to handle them." Father is listed on the instructions for service for the petition regarding the custody of T.K.

**{¶ 3}** On June 8, 2012, the juvenile court set the matter for a hearing on September 17, 2012. On October 16, 2012, the "Magistrate's Decision and Judge's Order of Legal Custody" was issued. It provides as follows:

* * *

Present at the hearing were: [B.M.], Grandfather and [R.M.], Grandmother.

All interested parties or persons have appeared or have been served due legal notice of this proceeding. This Court fully explained to all parties their legal rights, including the right to counsel, and the possible consequences of this hearing, whereupon said parties acknowledged to the Court that they understood the same.

For good cause shown and the Court finding it to be in the children's best interest, therefore orders (sic) that legal custody of the children be and hereby is granted to the maternal grandparents, [B.M. and R.M.], * * *

* * *

{¶ 4} On October 29, 2012, Father filed his pro se objections, request for findings of fact and conclusions of law, and request for appointed counsel. On December 21, 2012, the court overruled Father's objections and adopted the Magistrate's decision as follows:

* * *

* * * [Father] objects contending he was provided inadequate notice and legal custody to maternal grandparents was not in the best interest of the children. Further, [Father] requests findings of fact and conclusions of law pursuant to Juv.R.40(D)(3)(a)(ii) as well as the appointment of counsel.

Upon careful review of the available record, the Court hereby **OVERRULES** the same. Pursuant to Juv.R.40(D)(3)(b)(iii), an objection to a factual finding shall be supported by a transcript of all the evidence submitted to the Magistrate relevant to that finding. The Court notes that [Father] failed to provide the Court with a transcript of the hearing, which

would allow the Court to more thoroughly review the record to determine if the Magistrate was correct in her Decision. Without said transcript, the Court shall accept as true the Magistrate's findings of fact. Therefore, based upon review of the available record, the Court finds the Decision of the Magistrate was properly supported by the factual findings.

Pursuant to Juv.R.40(D)(3)(b)(iii), a request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven (7) days after the filing of a magistrate's decision. The record indicates [Father's] request for findings of fact and conclusions of law was filed October 29, 2012, six (6) days untimely. Therefore, the request for findings of fact and conclusions of law is DENIED.

[Father] contends he was provided inadequate notice as he was not included in the original complaint and the notice he did receive gave no indication the hearing was for final disposition of legal custody. The record indicates that [Father] was included in the original complaint for custody of [T.K.], filed June 6, 2012. [Father] was not included in the original complaint for custody of [C.K.] filed June 6, 2012, as he is not the child's biological father. Further, the record indicates the notice served upon [Father] by Certified US Mail on June 12, 2012 indicated the hearing concerned the petition for custody. Therefore, the court finds [Father] received proper notice.

[Father] also requests the appointment of counsel. A proceeding for

legal custody is considered a civil matter excepted from an entitlement from appointed counsel for an indigent party. As [Father] is not legally entitled to appointed counsel, said motion is hereby DENIED.

{¶ 5} On February 5, 2013, Father filed his Petitions for Visitation for both children, and no response thereto was filed. His supporting memoranda provide that he "believes that his incarceration should not be the sole determining factor in considering Granting him Visits with his Children. [His] incarceration does not include a crime of violence or is there an offenses (sic) against his Children or family." Father further "maintains his innocence in his criminal case and has been diligently working to clear his name through several different governmental agencies, and the Courts." We note that the nature of Father's criminal history is not part of the record before us. Father set forth the following proposed visitation schedule:

1. [Father] is asking for a four hour visit a month for three (3) months, until such time that the children recognize that he is their Father, and Step-Father;

2. That visiting continue on a Quarterly basis, for a period of four hours, with the inclusion of letter writing and phone calls;

3. However if [Father] is still incarcerated, that personal visit may be replaced with Video Visits, via, Skype;

4. [Father] is also asking that he be permitted updated pictures of the children, and he will in exchange provide (sic) the same of himself and their sibling.

**{¶ 6}** Father asserted that his "request[s] are not unreasonable, considering that he and his family have been denied access to the children for over six years. He believes that [R.M.] is suitable to supervise these visits, and at some point [Father] will be able to provide some financial support. [C.K. and T.K.] are BiRacial (sic) children, and it is more then (sic) a benefit for them to see and learn from both sides of their culture."

**{¶ 7}** The juvenile court issued notice that a hearing on Father's petition was set for April 15, 2013. On February 25, 2013, Father filed a "Motion to Compel Appearance of Petitioner," via telephone conference or video. Father asserted that he "wants to protect his Right to be heard, while eliminating to inconvenience (sic) of being transported out to Court." Also on February 25, 2013, Father filed "Petitioner's Request for Appointment of Counsel."

**{¶ 8}** On March 4, 2013, the Magistrate issued a decision that provides:

This came before Magistrate Rebecca J. Wolf administratively on February 27, 2013 for a hearing regarding the motion for visitation * * * , the motion for appointment of counsel * * * , and the motion to compel * * *.

And for good cause shown, it is ordered that the same be and hereby is dismissed. **It is further ordered that the hearing set for April 15, 2013 be and hereby is vacated.**

An amended decision was issued on March 6, 2013, to correct Father's address.

**{¶ 9}** On March 13, 2013, Father filed his objections and request for findings of fact and conclusions of law. Father asserted that he objects "solely because the matter for Visitation was Set for a Hearing on April 15, 2013." He further asserted as follows:

[Father] filed a Motion for Counsel, and Motion to Compel to make sure that he would be heard on his Petition. He was not afforded the right to be heard on the Original Case of Custody file (sic) by [R.M. and B.M.] Every effort [Father] made to file a response was to properly (sic) submitted to the Court, by the Clerk's office. There are children involved in this case, and as the father or Legal Step-Father, [Father] is only asking for a fair opportunity to be heard, and have a relationship with his children.

The Magistrate Dismissed the Visitation Request without any reason or fact that would conclude that [Father] or his family should be again denied access to his children. Since this matter was not heard in Open Court, but however Administratively heard, there is no transcript of the proceeding. It would be a further miscarriage of justice to deny [Father] Facts and Findings and Conclusions of Law for the Dismissal of these Motions.

WHEREFORE, [Father] prays this Court will accept[] his reasonable request and issue Facts and Findings and Conclusions of Law and permit him to properly Appeal this Decision.

{¶ 10} The trial court's April 10, 2013 decision provides, "Upon careful review of the available record, the court hereby **OVERRULES** the [objections]. Further, the Court **DENIES** the request for findings of fact and conclusions of law."

{¶ 11} Father asserts three assignments of error herein. We will consider Father's first two assigned errors together. They are as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANT'S

REQUEST FOR VISITATION WITHOUT A HEARING."

And,

"THE TRIAL COURT'S DETERMINATION AND FINDING THAT THE APPELLANT['] (sic) REQUEST FOR VISITATION WHILE INCARCERATED IS NOT WELL FOUNDED IS BASED UPON THE ABUSE OF DISCRETION OF THE TRIAL COURT JUDGE."

**{¶ 12}** As this Court has previously noted:

[P]arental rights [of] visitation are within the sound discretion of the trial court. * * * Indeed, the trial court's discretion regarding visitation is even broader than its discretion regarding custody. Not only is the trial court's discretion very broad, but a parent who seeks to modify a previous visitation arrangement is the one who bears the burden of proof as to whether the arrangement is not in the best interest of the children. * * * . It is also the rule that while a parent's right of visitation with his or her children is an important right, it is subservient to the welfare of the children. * * * . *In re Jergens*, 2d Dist. Montgomery No. 16848, 1998 WL 336702, *1 (June 26, 1998).

An abuse of discretion is also the standard of review for visitation determinations involving a non-parent. *Collins v. Collins,* 12th Dist. Fayette No. CA2003-06-007, 2004-Ohio-5653, ¶ 8.

**{¶ 13}** " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d

1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990)." *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 14}**   We note that, as to T.K., Father has "residual parental rights, privileges, and responsibilities," which means "those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not necessarily limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." R.C. 2151.011(B)(48).

**{¶ 15}**   In *In re Jergens*, this Court noted that "there is nothing in the law that mandates that the incarcerated parent has a right to attend any visitation hearing concerning his children." *Id.*, *2.   We further recognized, "however, that parents have the right to present evidence in an attempt to meet their burden of proof.  If they are unable to attend a visitation hearing, they can always file affidavits or testify by deposition."   *Id.*

**{¶ 16}**  In administratively dismissing the matter, without notice, almost 6 weeks before the scheduled hearing, the Magistrate denied Father his right to present evidence that granting him visitation rights is in the children's best interest.  Accordingly, we conclude that the trial court abused its discretion in adopting the Magistrate's decision, and Father's first two assigned errors are sustained.

**{¶ 17}**  Father's third assigned error is as follows:

"THE  TRIAL  COURT'S  DETERMINATION  AND  FINDING  THAT  THE

APPELLANT[']S REQUEST FOR COURT APPOINTED COUNSEL IS NOT REQUIRED UNDER THE CURRENT RULES OF THE COURT IS AN ABUSE OF DISCRETION."

{¶ 18} R.C. 2151.352 provides:

A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120 of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2) * * * of section 2151.23 of the Revised Code.

{¶ 19} Father's petition requested visitation, the court exercised jurisdiction pursuant to R.C. 2151.23(A)(2), and Father was therefore not entitled to appointed counsel. Accordingly, Father's third assigned error is overruled.

{¶ 20} Having sustained Father's first two assigned errors, the matter is reversed and remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

J.K.
R.M. and B.M.
T.K., Jr.
Hon. Nick Kuntz