[Cite as *JCASA, Ltd. v. Dean*, 2021-Ohio-380.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JCASA, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109659 |
| v. | : | |
| ED DEAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 11, 2021

Civil Appeal from the Berea Municipal Court
Case No. 19-CVI-01449

### *Appearances:*

Michael J. Connick Co., LPA, and Michael J. Connick, *for appellee.*

Schneider Smeltz Spieth Bell LLP, and Amanda A. Barreto, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Ed Dean, raises one assignment of error for our review:

The trial court erred by overruling appellant's objections to the magistrate's report and recommendation.

{¶ 2} Finding no merit to his assignment of error, we affirm the trial court's judgment.

## I.  Procedural History and Factual Background

{¶ 3} In June 2019, plaintiff-appellee, JCASA Ltd., d.b.a. Clog Free Gutters, Dunrite Exteriors ("JCASA"), filed, pro se, a complaint for money damages against Dean in the Berea Municipal Court, Small Claims Division.  JCASA claimed that it entered a contract with Dean in April 2019 in which JCASA would perform work on Dean's roof for $12,930.64.  JCASA alleged that it completed the work in May 2019 and that Dean still owed it $3,106.57, plus a late charge.

{¶ 4} In July 2019, Dean filed a motion to dismiss JCASA's complaint on the grounds that a corporation cannot represent itself in court.  A magistrate denied the motion, the trial court adopted the magistrate's decision, and JCASA hired counsel who entered an appearance representing the corporation.

{¶ 5} In December 2019, a magistrate held a trial on the matter with Dean, JCASA's vice president, and counsel for each party present.  During opening statements, JCASA's counsel orally moved pursuant to Civ.R. 15(B) to amend JCASA's complaint to seek $6,000.00 (the court's jurisdictional limit) instead of the $3,106.57 originally demanded.  Dean did not object, and the trial court later implicitly granted the motion.

{¶ 6} JCASA called Dean as its first witness as if on cross-examination. Dean testified that he signed three contracts with JCASA on April 24, 2019, and

JCASA submitted them into evidence. One contract was for the installation of a roof at Dean's residence for $12,930.64. This contract provided that "[a] late charge of 2% will be applied to the balance due that exceeds 30 days from the completion date." Another contract was for the installation of heat cables for $1,050.00. The third contract was for K-Guard gutters. The subtotal for the third contract was $3,691.69, but after applying a 50 percent discount for labor, a Gold Clipper magazine coupon, and a senior discount, the total cost of the K-Guard gutters under the third contract was $2,587.94. Dean agreed that the contract specifically listed these discounts and that JCASA did not tell him that he would receive any other discounts on any of the three contracts. He also agreed that JCASA completed the installations, and he has no complaints about the work. These three contracts totaled $16,568.58: $12,930.64 for the roof installation, $1,050.00 for the heat cables, and $2,587.94 for the discounted K-Guard gutters.

{¶ 7} Dean further testified that when he signed the three contracts on April 24, 2019, he paid JCASA a $1,300.00 deposit. He agreed that on May 13, 2019, after JCASA completed the work, he paid JCASA $8,524.07 by cashier's check with the notation "payment in full." He explained that he heard a JCASA promotion on the radio for 30 percent off "the entire job" in the month of May. He said he applied that promotion to his three contracts with JCASA, and he maintains that he does not need to pay JCASA the remaining balance due on the contracts. He agreed that if he were not entitled to the May 2019 promotion, he would owe JCASA additional payment.

{¶ 8} For its second and final witness, JCASA called its vice president, James Carson. Carson testified that JCASA often advertises K-Guard gutter promotions on a local radio station. He explained that JCASA applies the K-Guard gutter promotions based on the date that JCASA provides a proposal to a customer. Carson testified that in April 2019, JCASA advertised 50 percent off labor to install K-Guard gutters, which is reflected in JCASA's April 24, 2019 contract with Dean. He said that in May 2019, JCASA advertised "save up to 30 percent off" of K-Guard gutters. Carson explained that Dean is not entitled to the May promotion because the parties executed the written contract in April. He said that if JCASA gave Dean the May promotion, it would not have applied the April promotion reflected on their contract for K-Guard gutters. He also emphasized that the April and May promotions were for K-Guard gutters only, not for the installation of the roof or the heat cables.

{¶ 9} On cross-examination, Carson agreed that JCASA sent Dean an incorrect invoice, which Dean submitted into evidence. It is dated May 3, 2019, and lists the cost of the roof installation as $9,292.70 instead of $12,930.64. When JCASA realized the invoice was incorrect, a representative contacted Dean and asked for payment, and Dean refused.

{¶ 10} JCASA rested its case, and the magistrate admitted all the exhibits and allowed counsel to supplement the record with the radio recording of JCASA's May promotion.

{¶ 11} For his defense, Dean testified on his behalf and called no other witnesses. He testified that the contract for the roof installation was for $9,292.70. JCASA's counsel then suggested that the magistrate provide Dean with "a Fifth Amendment instruction" because Dean had previously testified that the roof installation contract was for $12,930.64. The magistrate stopped the proceedings and allowed Dean and his attorney to have a discussion off the record. When proceedings resumed, Dean's counsel explained that Dean had a contract at home that shows the $9,292.70 figure, but that Dean did not bring it with him to the trial. The magistrate allowed Dean to supplement the record after the trial.

{¶ 12} Dean explained that the total price for all three contracts should be $14,034.39 before applying the May promotion: $9,292.70 for the roof installation, $1,050.00 for the heat cables, and $3,691.69 for the full-priced K-Guard gutters (without the radio promotions, Gold Clipper magazine coupon, or senior discount). Dean explained that he then applied the 30 percent discount from the May promotion to the $14,034.39 project total, for a new project total of $9,824.07. Because Dean already paid a deposit of $1,300.00, he concluded that his remaining balance should be $8,524.07. Dean explained that he applied the 30 percent discount to the entire project total instead of just the K-Guard gutters because the radio promotion said the 30 percent discount was for "the entire job."

{¶ 13} After the trial, Dean's counsel submitted to the court a single-page document on JCASA letterhead dated April 24, 2019, identified as "Job: Ed Dean." The document contains one bolded heading titled "Roof Section," and under the

heading is a list of 19 items such as "permit," "delivery," and "1/2-inch plywood." Text under the list states, "Total $9[,]292.70." The document contains a handwritten note that states, "Deposit 1,300." JCASA's counsel submitted two audio recordings. Both advertise K-Guard gutters, and the radio host states that this month customers can "get up to 30 percent off the entire job." The radio recordings and the April 24 document were the only supplemental filings.

{¶ 14} In February 2020, the magistrate issued his decision that rendered judgment for JCASA in the amount of $6,000 plus court costs and 5 percent post-judgment interest. The magistrate found that the total value of the three contracts was $16,568.58 ($12,930.64 for the roof installation, $1,050.00 for the heat cables, and $2,587.94 for the discounted K-Guard gutters). The magistrate also found that Dean paid a total of $9,824.07, which is what Dean testified he paid ($1,300 deposit and $8,524.07 upon completion of the work). The magistrate determined that Dean therefore owed JCASA $6,744.51 but that the jurisdictional limit of the court was $6,000.00. The magistrate specifically found that "the parties entered into a binding contract on April 24, 2019 and that the subsequent K-Guard radio commercial/promotion that was to be in effect in May 2019 did not change the terms of the parties['] binding contract."

{¶ 15} In March 2020, Dean timely filed objections to the magistrate's decision, arguing that the magistrate "did not properly apply the affirmative defense of accord and satisfaction which would discharge Plaintiff's claim for additional payment." Dean attached three exhibits to his objections: (1) the magistrate's

decision, (2) Dean's May 8, 2019 cashier's check for $8,524.07 with the notation "[p]ayment in full for all invoices, charges + services," and (3) three trial transcript pages reflecting testimony that Dean wrote a cashier's check for $8,524.07 with the notation "payment in full." The trial court overruled Dean's objections and adopted the magistrate's decision six days later.

{¶ 16} It is from this judgment that Dean timely appeals. Dean also filed a motion in the trial court for stay of execution of judgment pending this appeal, which the trial court granted.

## II. Law and Analysis

{¶ 17} In his sole assignment of error, Dean argues that the trial court abused its discretion in overruling his objections to the magistrate's decision when the trial court failed to consider his argument regarding accord and satisfaction and awarded damages to JCASA. Dean contends that the trial court "rubber stamped" the magistrate's recommendation, did not conduct a thorough review of the record, did not explain why it overruled Dean's objections, and did not address Dean's defense of accord and satisfaction.

{¶ 18} In reviewing the trial court's ruling on objections to a magistrate's decision in small claims court, we must determine whether the trial court abused its discretion in reaching its decision. *Kevin Eye v. Sal's Heating & Cooling, Inc.*, 8th Dist. Cuyahoga No. 109212, 2020-Ohio-6737, ¶ 22. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*,

2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985).

{¶ 19} When ruling on a magistrate's decision, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Because a magistrate is an arm of the court and not a separate judicial entity with independent judicial authority, "a trial court may not 'merely rubber-stamp' a magistrate's decision." *State ex rel. Dewine v. Ashworth*, 4th Dist. Lawrence No. 11CA16, 2012-Ohio-5632, ¶ 38; *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶ 17, citing *Knauer v. Keener*, 143 Ohio App.3d 789, 793, 758 N.E.2d 1234 (2d Dist.2001). Thus, the trial court should not adopt a magistrate's "'findings of fact unless the trial court fully agrees with them — that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion.'" *McCarty* at ¶ 17, quoting *DeSantis v. Soller*, 70 Ohio App.3d 226, 233, 590 N.E.2d 886 (10th Dist.1990).

{¶ 20} An appellate court "must presume that a trial court has performed an independent review of the magistrate's recommendations unless the appellant affirmatively demonstrates the contrary." *Barrientos v. Barrientos*, 196 Ohio App. 3d 570, 2011-Ohio-5734, 964 N.E.2d 492, ¶ 5 (3d Dist.). "[S]imply because a trial court adopted the magistrate's decision does not mean that the court failed to

exercise independent judgment." *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330, ¶ 14.

{¶ 21} Here, the trial court completed a form judgment entry that explicitly overruled Dean's objections and adopted the magistrate's decision. The judgment entry states that the court "reviewed independently the Report and Recommendation of the magistrate." To overcome this court's presumption that the trial court performed an independent review, Dean argues that the trial court failed to explain why it overruled his objections and did not address his defense of accord and satisfaction. We find his arguments unpersuasive.

{¶ 22} First, "[t]he fact that a trial court overrules a party's objections to a magistrate's decision and adopts that decision without a detailed explanation 'does not show lack of an independent review of the matters to which proper objections were raised.'" *Van Dress Law Offices Co., L.L.C. v. Dawson*, 8th Dist. Cuyahoga No. 105189, 2017-Ohio-8062, ¶ 18, quoting *Millers v. Kasnett*, 2015-Ohio-298, 26 N.E.3d 915, ¶ 21 (8th Dist.2015). "[T]he trial court is not required to 'comment or reference' any portion of the record in undertaking its independent review of the record." *Ernsberger v. Ernsberger*, 8th Dist. Cuyahoga No. 100675, 2014-Ohio-4470, ¶ 21, quoting *Pietrantano* at ¶ 18.

{¶ 23} Second, the record does not reflect that either party made an argument about the significance of the "paid in full" notation on the cashier's check at trial. Instead, Dean raised the affirmative defense of accord and satisfaction for the first time in his objections to the magistrate's decision. At trial, Dean never took

the position or explained in his testimony that he had satisfied his obligation to pay JCASA because JCASA accepted the cashier's check with the "paid in full" notation. When JCASA's counsel asked Dean about the "payment in full" notation, Dean did not explain that the notation was significant or that the notation was evidence of accord and satisfaction:

| JCASA'S COUNSEL: | So it was your belief that by writing "payment in full" on the 90 — on the $8,500 check, that it was payment in full? |
| --- | --- |
| DEAN: | In addition to the down payment — |
| JCASA'S COUNSEL: | The 13-something — |
| DEAN: | — in conjunction with the ad publicized for the month of May. |
| JCASA'S COUNSEL: | And you know that you weren't entitled to a discount for the month of May; correct? Yes or no? |
| DEAN: | I felt I was. |

(Tr. 32.)  In fact, when JCASA's counsel asked Dean if he "believe[d] that [he] could put a notation on a check that it was paid in full, and that was dispositive of the issue," Dean responded, "No."  (Tr. 39.)

{¶ 24} When faced with a similar situation in *Abernathy v. Abernathy*, 8th Dist. Cuyahoga No. 91735, 2009-Ohio-2263, this court found that the trial court properly overruled a party's objection to the magistrate's decision when the objection was based on a legal theory not presented to the magistrate.  *Id.* at ¶ 12. We explained:

Pursuant to Civ.R. 53(D)(4)(d), in ruling on objections to a magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." This review necessarily encompasses issues actually presented to and decided by the magistrate. Where, as here, an objection raises an issue not presented to or decided by the magistrate, the objecting party is improperly asking the court to reach a different decision based on a new ground. The court does not have this authority under Civ.R. 53(D)(4).

*Id.*; *see also In re C.L.*, 8th Dist. Cuyahoga No. 93720, 2010-Ohio-682, ¶ 12 (trial court did not abuse its discretion in overruling the appellant's objections to the magistrate's decision when appellant "failed to raise before the magistrate either issue that he later made the basis of his objections" and attempted to offer new evidence).

**{¶ 25}** Accordingly, we find that the trial court's judgment overruling Dean's objections and adopting the magistrate's decision was not unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion, and we overrule Dean's assignment of error.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MARY EILEEN KILBANE, J., CONCUR