OPINION *Page 2 
{¶ 1} Father-appellant, Jackie Figel, Jr. (hereinafter "Jackie"), appeals the Mercer County Court of Common Pleas judgment denying his motion for reallocation of parental rights and responsibilities. We affirm.
 {¶ 2} Jackie and plaintiff-appellee, Jennifer Figel (hereinafter "Jennifer"), were divorced on December 13, 2004. (Doc. No. 43). The divorce decree designated Jennifer as the custodial parent of the parties' two minor children: Jackie Figel, III (d.o.b. 3/13/96) and Audreanne Figel (d.o.b. 9/9/97).
 {¶ 3} Around the beginning of August 2007, Jennifer moved from St. Mary's, Ohio, where Jackie lived, to Celina, Ohio. (Doc. No. 46, Jackie Figel, Jr. Affidavit at ¶¶ 5, 8, Ex. A.). Concerned that moving the children to St. Mary's was not in their best interest, Jackie filed a motion for reallocation of parental rights and responsibilities on August 24, 2007. (Doc. No. 46).
 {¶ 4} On March 4, 2008 and April 7, 2008, final hearings were held on the motion. On May 5, 2008, the magistrate issued a decision denying Jackie's motion. (Doc. No. 97). On May 19, 2008, Jackie filed objections to the magistrate's decision. (Doc. No. 98).
 {¶ 5} On October 8, 2008, the trial court entered judgment adopting the magistrate's decision. (Doc. No. 105). On October 28, 2008, the trial court entered a final judgment denying Jackie's motion. (Doc. No. 106). *Page 3 
 {¶ 6} On October 30, 2008, Jackie filed an appeal to this Court. (Doc. No. 107). Jackie appeals raising one assignment of error for our review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT UNDERTAKING TO DO AN INDEPENDENT REVIEW AS TO THE OBJECTIVE [SIC] MATTER TO ASCERTAIN THAT THE MAGISTRATE HAD PROPERLY DETERMINED THE FACTUAL ISSUES.
 {¶ 7} In his sole assignment of error, Jackie argues that the trial court erred by failing to conduct an independent review of his objections. In support of his argument, Jackie points to several alleged inconsistencies between the transcript and the magistrate's findings of fact. From this, Jackie concludes that the trial court could not have conducted an independent review of the transcript as required.
 {¶ 8} Jennifer, on the other hand, argues that these alleged discrepancies between the transcript and the magistrate's findings do not demonstrate that the trial court failed to conduct an independent review of the transcript. Jennifer also points out that the trial court specifically stated in its judgment entry that it conducted an independent review of the objected matters. Under these circumstances, Jennifer argues that Jackie has failed to demonstrate that the trial court neglected to conduct an independent review of the record. We agree.
 {¶ 9} This Court reviews a trial court's ruling on a motion to modify parental rights and responsibilities under an abuse of discretion standard. Masters *Page 4 v. Masters (1994), 69 Ohio St.3d 83, 85, 630 N.E.2d 665. Likewise, we review a trial court's adoption of a magistrate's decision under an abuse of discretion standard. Marchel v. Marchel, 160 Ohio App.3d 240,2005-Ohio-1499, 826 N.E.2d 887, ¶ 7. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse of discretion standard, we must not substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138, 566 N.E.2d 1181.
 {¶ 10} Civ. R. 53(D) requires a trial court to conduct an independent analysis of the issues considered by the magistrate. Mahlerwein v.Mahlerwein, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47, citations omitted. A trial court's failure to conduct an independent review in accordance with Civ. R. 53 is an abuse of its discretion. SeeIn re Scarborough (Nov. 22, 1999), 12th Dist. No. CA99-05-054, at *3. However, this Court presumes regularity in the proceedings below, and thus, we must presume that the trial court conducted an independent analysis before rendering its decision. Mahlerwein, 2005-Ohio-1835, at ¶ 47, citations omitted. Accordingly, "the party asserting error bears the burden of affirmatively demonstrating the trial court[']s failure to perform its Civ. R. 53[D] duty of independent analysis." Id., citations omitted and emphasis in original. *Page 5 
 {¶ 11} Jackie has failed to affirmatively demonstrate that the trial court failed to perform its Civ. R. 53(D) duty of independent analysis. Jackie's argument is not only contrary to the presumption of regularity but also contrary to the trial court's own statements. In its judgment entry, the trial court specifically stated:
 The court has undertaken an independent review as to the objected matters to ascertain whether the Magistrate has properly determined the factual issues and appropriately applied the law. Based upon its review of the transcript, the court has deemed it not necessary to hear additional evidence in order to issue this ruling.
(October 8, 2008 JE, Doc. No. 105). In analyzing Jackie's objections, the trial court further stated, "the court concludes that the Magistrate has [determined credibility in order to weigh the evidence] * * * and that the transcript of evidence supports the findings of fact made by the Magistrate in her decision filed May 5, 2008." (Id.). An Appellate Court presumes that the trial court did exactly what it said it did.Betz v. Timken Mercy Med. Ctr. (1994), 96 Ohio App.3d 211, 216,644 N.E.2d 1058. The trial court sub judice clearly stated that it conducted an independent review of the transcript as required under Civ. R. 53(D). As such, the trial court did not abuse its discretion by adopting the magistrate's decision.
 {¶ 12} Furthermore, as the trial court noted, Jackie's objections to the magistrate's decision involved credibility and weight of evidence determinations. The trial court, however, is permitted to rely upon the magistrate's credibility determinations when it reviews the magistrate's decision. Hendricks v. Hendricks, *Page 6 
3d Dist. No. 15-08-08, 2008-Ohio-6754, ¶ 25, citing Osting v.Osting, 3d Dist. No. 1-03-88, 2004-Ohio-4159; Rodriguez v. Frietze, 4th Dist. No. 04CA14, 2004-Ohio-7121, ¶ 27. We also fail to see how sustaining any of Jackie's objections, individually or collectively, would be outcome-determinative; and therefore, at most any error by the trial court in reviewing those objections was harmless, not reversible.Leichtamer v. Am. Motors Corp. (1981), 67 Ohio St.2d 456, 474-75,424 N.E.2d 568; R.C. 2309.59; Civ. R. 61.
 {¶ 13} For all these reasons, Jackie's assignment of error is overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
Rogers and Shaw, J.J., concur. *Page 1