[Cite as *Mackenbach v. Mackenbach*, 2012-Ohio-311.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HARDIN COUNTY

BRIAN MACKENBACH, ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 6-11-03

    v.

P. STEVEN MACKENBACH, ET AL.,       O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20081236-CVH

Judgment Reversed and Cause Remanded

Date of Decision: January 30, 2012

APPEARANCES:

    *Jeremy M. Tomb and Cheryl L. Collins* for Appellants

    *Kenneth E. Hitchen and James L. Crates* for Appellees

**ROGERS, J.**

{¶1} Plaintiff-Appellants, Brian Mackenbach and Kenton Plus Enterprises, LLC (collectively "Appellants"), appeal from the judgment of the Court of Common Pleas of Hardin County adopting the magistrate's decision and granting judgment in favor of Defendant-Appellees, P. Steven Mackenbach, Coldwell Banker Plus One Professionals Incorporated, and Citizen's National Bank of Bluffton (collectively "Appellees"). On appeal, Appellants contend that the trial court applied the wrong standard of review in reviewing the magistrate's decision, and that the trial court abused its discretion in adopting the magistrate's decision as it was unsupported by the evidence. Based upon the following, we reverse the judgment of the trial court.

{¶2} Sometime in 2006, Brian and Steven verbally agreed to form a limited liability company, Kenton Plus Enterprises, LLC ("Kenton Plus"). One of the stated purposes of Kenton Plus was to own and lease real property. The real property at issue here is located at 805 East Columbus Ave., Kenton, Ohio ("805 East Columbus"). In March 2006, articles of organization were filed with the Ohio Secretary of State. An operating agreement was prepared and signed by Steven in May 2007, but was never signed by Brian. The operating agreement called for Brian to invest $55,000.00 in Kenton Plus, which he accomplished.[1] In

---

[1] There is disagreement among the parties whether Brian's $55,000.00 was a loan or an investment.

consideration thereof, the net profits from Coldwell Banker Plus One Professional Incorporated ("Coldwell"), the sole tenant of the property located at 805 East Columbus, would initially be used to repay Brian's investment. In addition, after Brian recuperated his initial investment the operating agreement provided that he would share in one-half of the profits derived from the rent paid by Coldwell to occupy the property at 805 East Columbus.

{¶3} In August 2008, Appellants filed a complaint against Appellees seeking money damages and judicial dissolution of Kenton Plus, among other forms of relief. Specifically, Brian argued that he never received any payments on his initial investment of $55,000.00 despite Coldwell having earned profits in its first year of operation. Stemming from this allegation, Brian asserted various causes of action including, but not limited to, breach of contract, breach of fiduciary duty, unjust enrichment, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, and fraud. In response, Appellees filed answers denying the allegations lodged in Appellants' complaint.

{¶4} Subsequently, the trial court referred the matter to the magistrate, who conducted a hearing in April 2010. In December 2010, the magistrate filed its decision recommending that Appellants' complaint be dismissed. Magistrate's Decision, p. 8. In January 2011, Appellants timely filed objections to the

magistrate's decision. In February 2011, the trial court filed its judgment entry adopting the magistrate's decision.

{¶5} It is from this judgment Appellants appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT APPLIED AN IMPROPER STANDARD OF REVIEW IN REVIEWING AND AFFIRMING THE MAGISTRATE'S DECISION.**

*Assignment of Error No. II*

**THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION WAS UNSUPPORTED BY THE EVIDENCE.**

*Assignment of Error No. I*

{¶6} In their first assignment of error, Appellants contend that the trial court failed to conduct an independent review of the magistrate's decision as required by Civ.R. 53(D)(4)(d). We agree.

{¶7} We review a trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Figel v. Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, ¶ 9, citing *Marchel v. Marchel,* 160 Ohio App.3d 240, 2005-Ohio-1499, ¶ 7 (8th Dist.). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 17-18,

citing Black's Law Dictionary (8 Ed.Rev.2004) 11. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** Civ.R. 53(D)(4)(d) states:

> **If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections,** *the court shall undertake an independent review* **as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.** (Emphasis added.)

**{¶9}** Pursuant to Civ.R. 53(D)(4)(b), the trial court's review of a magistrate's decision is de novo. *Goldfuss v. Traxler*, 3d Dist. No. 16-08-12, 2008-Ohio-6186, ¶ 7, citing *Stumpff v. Harris*, 2d Dist. No. 21407, 2006-Ohio-4796, ¶ 16. While a trial court is required to independently review the record and make its own factual and legal findings, the trial court may rely upon the magistrate's credibility determinations when it reviews the magistrate's decision. *Gilleo v. Gilleo*, 3d Dist. No. 10-10-07, 2010-Ohio-5191, ¶ 47, citing *Hendricks v. Hendricks*, 3d Dist. No. 15-08-08, 2008-Ohio-6754, ¶ 25, citing *Osting v. Osting*, 3d Dist. No. 1-03-88, 2004-Ohio-4159. After completing its de novo review the trial court may adopt, reject, or modify the magistrate's decision. *Tewalt v. Peacock*, 3d Dist. No. 17-10-18, 2011-Ohio-1726, ¶ 31. A trial court's failure to

conduct an independent review in accordance with Civ.R. 53 is an abuse of its discretion. *Figel* at ¶ 10, citing *In re Scarborough*, 12th Dist. No. CA99-05-054, 1999 WL 1057229, *3 (Nov. 22, 1999).

{¶10} An appellate court presumes that a trial court performed an independent analysis of a magistrate's decision. *Gilleo* at ¶ 46, citing *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 47 (4th Dist.), citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). Therefore, the party asserting error must affirmatively demonstrate that the trial court failed to conduct an independent analysis. *Gilleo* at ¶ 46, citing *Mahlerwein* at ¶ 47.

{¶11} Appellants contend that the trial court failed to conduct a de novo review of the magistrate's decision. In support, Appellants cite to the following language in the trial court's judgment entry:

> **In reviewing the transcript of the evidentiary hearing before the Magistrate as to all claimed objections this Court must determine whether the findings of fact are reasonable and not an abuse of discretion.**
>
> **Accordingly, the Court in considering same notes that deference should be given to those determinations made by the Magistrate, as the trier of fact, based upon his ability to best view the witnesses and observe their demeanor, gestures, and voice inflictions (sic), etcetera and then use same in weighing the credibility of the testimony.**

Judgment Entry, p. 2. Appellants contend that the preceding language connotes the trial court's improper deference to the magistrate's decision. Rather than

reviewing the magistrate's decision de novo, Appellants maintain that the trial court inappropriately reviewed the magistrate's decision for an abuse of discretion.

{¶12} In response, Appellees contend that the trial court properly conducted an independent review of the magistrate's decision. In support, Appellees cite to language in the trial court's judgment entry, which immediately follows the language cited by Appellants. That language reads:

> **In reaching the conclusions found herein, the Court independently reviewed all of the evidence of record including the transcript of proceeding, exhibits, and arguments of counsel, whether or not specifically referred to in this decision.** Judgment Entry, p. 2.

{¶13} Although the foregoing language arguably suggests that the trial court conducted an independent review of the magistrate's decision, further review of the judgment entry suggests otherwise. Specifically, our focus is drawn to a paragraph near the end of the judgment entry. This paragraph appears after the trial court has addressed Appellants' objections, but before it adopts the magistrate's decision. The paragraph reads:

> **It is therefore the order of this Court that the Findings of Fact and Conclusions of Law contained in the December 12, 2010 Magistrate's Decision are *not unreasonable and do not constitute an abuse of his discreation* (sic).** (Emphasis added.)

Judgment Entry, p. 5. We find that the preceding language indicates that the trial court improperly reviewed the magistrate's decision for an abuse of discretion. *See Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, ¶ 14 (4th Dist.). By

failing to conduct a de novo review of the magistrate's decision and independently evaluate the evidence and apply the law the trial court abused its discretion. *Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, at ¶ 10.

{¶14} Furthermore, our decision today is consistent with this Court's recent decision in *Barrientos v. Barrientos*, 3d Dist. No. 5-11-22, 2011-Ohio-5734, in which this Court reversed the trial court's judgment due to its explicit application of an abuse of discretion standard when it reviewed the magistrate's decision.

{¶15} Accordingly, we sustain Appellants' first assignment of error.

{¶16} Our resolution of Appellants' first assignment of error renders their second assignment of error moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶17} Having found error prejudicial to Appellants herein, in the particulars assigned and argued in their first assignment of error, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

***Judgment Reversed and Cause Remanded***

**WILLAMOWSKI, J., Concurs.**

**/jlr**

**SHAW, J., DISSENTS.**

{¶18} As noted by the majority, the trial court reviews objections to a magistrate's decision essentially *de novo*, except for the trial court's discretion to defer to the magistrate's determinations on the credibility of witnesses. Specifically, Civ.R. 53 (D)(4)(d) states that the trial court shall "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶19} In this case, the trial court expressly stated in its Judgment Entry that it should extend deference to the magistrate's determinations as to the credibility of witnesses. The trial court also stated that it "must determine whether the findings of fact are reasonable and do not constitute an abuse of discretion." The statements of deference and determinations of reasonableness are entirely consistent with the mandate of Civ.R. 53.

{¶20} The trial court further stated in its Judgment Entry that in reaching its conclusions it "independently reviewed all of the evidence of record including the transcript of proceedings, exhibits, and arguments of counsel, whether or not specifically referred to in this decision." The trial court then determined that "the Findings of Fact and Conclusions of Law contained in the December 12, 2010 Magistrate's Decision are not unreasonable and do not constitute and abuse of discretion."

{¶21} At paragraph 10 of the majority decision, the majority notes that this court must presume that the trial court performed an independent analysis of the magistrate's decision and that the party asserting error must affirmatively demonstrate that the trial court failed to do so. At paragraph 7 of the majority decision, the majority notes that this court reviews the trial court's decision under an abuse of discretion standard and that a trial court will not be found to have abused its discretion unless that decision is contrary to law, unreasonable, not supported by the evidence or is otherwise grossly unsound.

{¶22} In my view, the trial court's two extraneous references to the magistrate's discretion in its entry, even if erroneous, and even if sufficient to challenge the presumption of independent review to be afforded by this court, are not sufficient to invalidate the trial court's specific statements that it properly applied all of the express mandates of Civ.R. 53 in rendering its decision. The practical reality is that any magistrate's decision which has been found by the trial court upon independent review to have "properly determined the factual issues and appropriately applied the law" under Civ.R. 53, would also not be unreasonable, arbitrary or unconscionable, and hence would not constitute an abuse of the magistrate's discretion. Thus, I believe more is required than to simply show the trial court used *both* the terms of Civ. R. 53 and the terms of abuse of discretion in

order to affirmatively demonstrate that the trial court failed to comply with the Rule.

**{¶23}** As such, I believe the trial court's superfluous references to the magistrate's discretion in the circumstances of this case are not sufficient to constitute an abuse of the trial court's discretion warranting reversal of the trial court's judgment by this court.  Accordingly, I respectfully dissent.

/jlr