[Cite as *Rodriguez v. Rodriguez*, 2013-Ohio-5663.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

TERESA L. RODRIGUEZ,

    PLAINTIFF-APPELLANT,           CASE NO. 10-13-15

    v.

JACOB I. RODRIGUEZ,           O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 12-DIV-024

**Judgment Affirmed**

Date of Decision: December 23, 2013

APPEARANCES:

    *William E. Huber* for Appellant

    *Thomas Luth* for Appellee

**PRESTON, P.J.**

{¶1} Plaintiff-appellant, Teresa L. Rodriguez ("Teresa"), appeals the judgment of the Mercer County Court of Common Pleas, Domestic Relations Division granting her complaint for a divorce from her husband, defendant-appellee, Jacob I. Rodriguez ("Jacob"), but failing to grant her spousal support. We affirm.

{¶2} Teresa and Jacob were married on May 24, 1974. (Doc. No. 3); (Dec. 17, 2012 Tr. at 6). Three children were born as issue of the marriage. (Dec. 17, 2012 Tr. at 7).

{¶3} On June 26, 2012, Teresa filed a complaint for divorce, alleging that Jacob was guilty of gross neglect of duty and extreme cruelty. (Doc. No. 3). The parties' three children were emancipated by the time Teresa filed for divorce. (Dec. 17, 2012 Tr. at 7).

{¶4} On July 18, 2012, Jacob answered, denying gross neglect of duty and extreme cruelty but admitting incompatibility and asking the trial court to grant Teresa a divorce on that ground. (Doc. No. 12).

{¶5} On December 17, 2012, the matter proceeded to final hearing before a magistrate. (*See* Doc. No. 23). Following the hearing, the parties submitted written closing arguments. (Doc. Nos. 27-30).

{¶6} On February 5, 2013, the magistrate issued a decision recommending that the trial court grant the parties a divorce based on incompatibility; restore Teresa to her maiden name of Bonifas; equally divide any obligation on the parties' home following foreclosure proceedings; award Teresa the 2010 Dodge Caliber but require Jacob to continue making payments on the vehicle; award Jacob the 2008 Dodge Caravan and the payments; equally divide Jacob's 401(K) plans via a qualified domestic relations orders ("QDRO"); and, grant no spousal support to either party. (Doc. No. 32).

{¶7} Following an extension by the trial court for the preparation of the final hearing transcript, on April 30, 2013, Teresa filed objections to the magistrate's decision. (Doc. No. 38). Relevant to this appeal, Teresa argued in her second objection that the magistrate erred by recommending that the trial court not award spousal support. (*Id.*). Teresa argued that, during the pendency of the case, Jacob was paying $250 per week[1] in spousal support; Jacob earned two to two and one-half times the amount she earned; the magistrate inappropriately relied on her failure to seek employment; the magistrate's decision was based on speculation concerning Jacob's future health and inability to work; the magistrate failed to account for Teresa's health insurance expenses of $400 to $800 per month; and,

---

[1] Later in her objections, Teresa argues that Jacob has demonstrated his ability to pay $250 per **month** in spousal support. (Doc. No. 38). There was no temporary spousal support ordered in this case. During the hearing, Teresa testified that, during the first four months after Jacob asked her for a divorce (February through May 2012), Jacob transferred $250 per **week** from his paycheck into her checking account to "help [her] through this" and to "be fair." (Dec. 17, 2012 Tr. at 29, 96).

the magistrate erred by substituting the amount Teresa received from Jacob's 401(K) for spousal support when Teresa cannot currently withdraw the funds while Jacob continues to work. (*Id.*).

{¶8} On July 9, 2013, the trial court filed an entry overruling Teresa's objections. (Doc. No. 41). Concerning spousal support, the trial court found that the magistrate's findings were consistent with the evidence and consistent with the factors in R.C. 3105.18. (*Id.*). The trial court also noted that the magistrate's recommendation not to award spousal support was reasonable in light of her recommendation that Jacob continue to make the payments on the 2010 Dodge Caliber she recommended the trial court award to Teresa, which "in effect is a form of lump sum spousal support." (*Id.*).

{¶9} On July 22, 2013, the trial court filed its final judgment entry of divorce. (Doc. No. 43).

{¶10} On August 13, 2013, Teresa filed a notice of appeal. (Doc. No. 48). She raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court abused its discretion and was arbitrary in denying Plaintiff-Appellant spousal support.**

{¶11} In her first assignment of error, Teresa argues that the trial court abused its discretion by failing to award her spousal support. In particular, Teresa argues that she earns only $10.50 per hour and works 32 to 40 hours per week,

while Jacob earns $20.25 per hour and works 40 hours per week, plus overtime, and additionally earns $3,000 per year from his DJ business. Teresa argues that the trial court incorrectly found that she had business income when she had already sold her business. She also argues that the magistrate inappropriately relied on speculation concerning Jacob's poor health and its effect on his future ability to work, which she says was not supported by the evidence. She further argues that the magistrate failed to account for her extra expense of medical insurance, which would cost her $400 to $800 per month. Finally, she points to several cases that affirm the trial court's ability to order life-long spousal support in long-term marriages like hers.

{¶12} Spousal support is defined as "any payment or payments * * * that is both for sustenance and for support of the spouse or former spouse." R.C. 3105.18(A). Trial courts have broad discretion concerning an award of spousal support, and therefore, a trial court's decision will not be reversed absent an abuse of discretion. *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706 (2d Dist.1996); *Siekfer v. Siekfer*, 3d Dist. Putnam No. 12-06-04, 2006-Ohio-5154, ¶ 15; *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). Although a trial court has broad discretion in fashioning an equitable spousal support award based on the facts and circumstances of each case, this discretion is not unlimited. *Kunkle* at 67; *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). In reviewing a spousal support award,

an appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably." *Kunkle* at 67.

{¶13} R.C. 3105.18 governs spousal support and provides, in pertinent part, the following:

> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
>
> (a)   The income of the parties * * *;
>
> (b)   The relative earning abilities of the parties;
>
> (c)   The ages and the physical, mental, and emotional conditions of the parties;
>
> (d)   The retirement benefits of the parties;
>
> (e)   The duration of the marriage;
>
> (f)   The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g)   The standard of living of the parties established during the marriage;
>
> (h)   The relative extent of education of the parties;
>
> (i)   The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1).

**{¶14}** The magistrate filed a nine-page decision analyzing the R.C. 3105.18(C)(1) factors above and concluding that spousal support was not appropriate in this case. (Feb. 5, 2013 Decision, Doc. No. 32). The magistrate found that the parties did not live a lavish lifestyle while married despite Teresa's representations otherwise. (*Id.*). The magistrate also found that Jacob was 58 years old and had serious health problems, including diabetes, two strokes, several surgeries, neuropathy, and pain in his lower legs and feet. (*Id.*). The magistrate recommended that Teresa be awarded the 2010 Dodge Caliber and that Jacob continue to make monthly payments on the vehicle. (*Id.*). At the time of the final

hearing, Jacob owed $12,405.67 on the Dodge Caliber, which required an additional 49 monthly payments of $278.39. (D's Ex. E). (*See also* Dec. 17, 2012 Tr. at 70). The value of the Dodge Caliber at the time of the hearing was $9,652 (very good condition). (D's Ex. D); (Feb. 5, 2013 Decision, Doc. No. 32); (Dec. 17, 2012 Tr. at 101). The magistrate also recommended that Jacob's two pensions be divided equally between Jacob and Teresa, which would entitle Teresa to $381.78 per month when Jacob retired. (Feb. 5, 2013 Decision, Doc. No. 32). Finally, the magistrate recommended that Teresa be awarded $16,576.55 of Jacob's retirement savings plan minus one half of the outstanding loan balance on that account. (*Id.*).

{¶15} Teresa objected to the magistrate's decision that failed to recommend awarding her spousal support, but the trial court overruled the objection, concluding that the magistrate's recommendation that Jacob continue to make monthly payments on the Dodge Caliber for Teresa was the functional equivalent of a lump sum of spousal support. (July 9, 2013 Decision, Doc. No. 41).

{¶16} On appeal, Teresa first argues that Jacob was financially able to provide her spousal support because he was paying her $250 per week prior to the final divorce hearing. The record demonstrates that, after the parties separated in February 2012, Jacob gave Teresa $250 per week until the beginning of June 2012. (Dec. 17, 2012 Tr. at 29, 71). These payments were not court-ordered

payments but payments Jacob made to help Teresa get through the divorce and to "be fair." (*Id.* at 29). Jacob testified, however, that he quit making these payments to Teresa in the beginning of June 2012, because he could not afford to give Teresa that much money and also make payments on the Dodge Caliber and purchase a four-year-old vehicle for himself after the transmission failed in his old vehicle. (*Id.* at 71, 126-127).

{¶17} The magistrate found that the parties were living paycheck-to-paycheck and barely getting by. (Feb. 5, 2013 Decision, Doc. No. 32). While the parties' combined, adjusted gross income for 2007 exceeded $55,000, but after 2007, their combined, adjusted gross income continued to decrease until it reached a low of $21,876 in 2011. (P's Exs. 4-9). Their financial difficulty ultimately led to the bank foreclosing on the parties' home. (Dec. 17, 2012 Tr. at 8-9). Therefore, contrary to Teresa's arguments on appeal, the record does not demonstrate that Jacob could have continued paying her $250 per week in spousal support and provide for his own needs at the same time.

{¶18} Teresa also argues that the magistrate erroneously found that she had additional business income when the testimony clearly showed that she no longer owned her business. We disagree. Teresa testified at the hearing that she owned an antique shop for two-and-one-half years, but she closed the business in July 2010 because it was losing money. (Dec. 17, 2012 Tr. at 15-16). In her decision,

the magistrate found that "Teresa presently has no other sources of income. She *previously earned* income from self-employment from a retail business as a sole proprietor." (Feb. 5, 2013 Decision, Doc. No. 32) (emphasis added). Therefore, the record does not support Teresa's argument that the magistrate erred by factoring in her business income for purposes of its spousal support determination.

{¶19} Teresa further argues that the trial court failed to consider the $400 to $800 per month she would have to pay for health insurance for purposes of spousal support. Teresa testified that she would lose her health insurance as a result of the divorce. (*Id.* at 21). She also testified that, *with* her husband's insurance, she pays around $200 per month for physicians and prescription drugs. (*Id.* at 27). Teresa further testified that she needs new prescription eye glasses and some dental work, too, but she does not have the money to pay for these things. (*Id.* at 27-28). Teresa testified that health insurance would cost her $783.13 per month with a $500 deductible or $270 per month with a $1,000 deductible. (*Id.* at 43-44); (P's Ex. 10). Teresa testified she would have to pay $24.50 extra per month for a $500-deductible dental plan. (*Id.* at 44-45); (P's Ex. 10). Teresa testified that she can obtain health insurance through her employer, but she was not sure how much it would cost. (*Id.* at 47). Teresa testified that she could not afford to pay for medical insurance, which was why she was asking for $250 per week in spousal support. (*Id.* at 48-50, 56-58). Teresa was seeking nine years of

spousal support so that she would be supported until she was eligible for Medicare and Social Security. (*Id.* at 50-51, 58). In light of the extensive testimony on the issue of Teresa's medical insurance expense at the final hearing, we are not persuaded that the trial court failed to consider this issue.[2]

{¶20} Finally, Teresa argues, by merely citing portions of several cases, that the trial court erred by failing to award her spousal support in light of her long-term marriage of 38 years. We disagree. The fact that the parties had a long-term marriage is *one* of several factors the trial court was required to consider under R.C. 3105.18(C)(1). *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96 (1988) (trial court must consider all of the factors in R.C. 3105.18 when determining amount and duration of spousal support). In this case, the trial court determined that ordering Jacob to make the 49 remaining monthly payments on Teresa's vehicle was the functional equivalent of spousal support. (July 9, 2013 Decision, Doc. No. 41). While this Court may have ordered spousal support for a longer duration here in light of the parties' 38-year marriage—that is not the appropriate measuring stick for whether the trial court abused its discretion. *Kunkle*, 51 Ohio St.3d at 67 (appellate court may not simply substitute its judgment for that of the trial court's).

---

[2] We also note that the General Information Worksheet for the spousal support calculation (P's Ex. 12) listed $500 per year for Teresa's health insurance and $2,400 per year for Teresa's physician and prescription expenses. The figures Teresa testified to at the hearing regarding health insurance were not provided to the court for purposes of this worksheet. In light of Teresa's income level, Teresa may be eligible for subsidized health insurance under the Affordable Care Act.

{¶21} Upon review of the record, we cannot find that the trial court abused its discretion by failing to award Teresa spousal support. At the time of the final hearing, Jacob was 58 years old and planned to retire at 62, which would be approximately four years away—approximately the same amount of time for the remaining payments on the 2010 Dodge Caliber, which the trial court awarded to Teresa with Jacob making the payments. (Dec. 17, 2012 Tr. at 106); (D's Ex. E). The debt Jacob owed on the Dodge Caliber awarded to Teresa exceeded its market value by $2,753.67, and the debt Jacob owed on the Dodge Grand Caravan awarded to him exceeded its market value by $2,727.56. (D's Exs. A-F). Consequently, the trial court's award of the vehicles appears to be more than a mere property settlement.

{¶22} Teresa is currently employed earning $10.50 per hour and has the opportunity to obtain health insurance through her employment. However, Teresa has been afforded opportunities in the past for management positions, earning a higher wage than she presently earns. Teresa may be able to obtain better employment in the future that would provide her with health care coverage based upon her extensive work history and experience. Jacob has extremely poor health, on the other hand, which has negatively affected his ability to work and may force him into early retirement. The parties' tax returns and financial records demonstrate not an exorbitant lifestyle but a paycheck-to-paycheck lifestyle for

many years during the marriage. Jacob testified that he could not afford spousal support in light of his own financial obligations and paying for Teresa's vehicle. After Jacob's retirement, Teresa will receive $381.78 per month from pensions Jacob earned during the marriage, plus $16,575.55 (minus half of the outstanding loan balance on this retirement account) from a retirement savings account Jacob earned. At that point in time, Teresa will be approximately 60 years old and could be eligible for Social Security within about two years. Given the facts and circumstances of this case and the trial court's thorough analysis of the R.C. 3105.18(C)(1) factors, we cannot conclude that it abused its discretion by failing to award Teresa spousal support.

{¶23} Teresa's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The trial court failed to conduct an independent review as to the issues raised in the Plaintiff-Appellant's objections to the Magistrate's decision concerning spousal support.**

{¶24} In her second assignment of error, Teresa argues that the trial court failed to conduct an independent review of the objected matters. Teresa argues that the trial court merely stated that the magistrate reviewed the factors and the evidence was consistent with the facts found by the magistrate. Teresa further argues that the trial court attempted to justify the magistrate's decision by transforming a property award into a quasi-spousal support award.

**{¶25}** When objections are filed, the trial court must independently review the objected matters to decide if the magistrate properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d); *Gilleo v. Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 46 (citations omitted); *Mackenbach v. Mackenbach*, 3d Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 9. While a trial court is required to independently review the record and make its own factual determinations, the trial court may rely upon the magistrate's credibility determinations. *Hendricks v. Hendricks*, 3d Dist. Van Wert No. 15-08-08, 2008-Ohio-6754, ¶ 25, citing *Osting v. Osting*, 3d Dist. Allen No. 1-03-88, 2004-Ohio-4159.

**{¶26}** An appellate court generally presumes regularity in the proceedings below; and, therefore, that the trial court conducted an independent analysis in reviewing the magistrate's decision. *Gilleo* at ¶ 46, quoting *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 47 (4th Dist.). Consequently, the party asserting that the trial court failed to conduct an independent review bears the burden of affirmatively demonstrating the trial court's failure to perform its duty. *Id.*; *Figel v. Figel*, 3d Dist. No. Mercer No. 10-08-14, 2009-Ohio-1659, ¶ 10. When the trial court states that it conducted an independent review, we must presume that the trial court did exactly that. *Figel* at

¶ 11, citing *Betz v. Timken Mercy Med. Ctr.*, 96 Ohio App.3d 211, 216 (5th Dist.1994).

**{¶27}** In this case, the trial court stated that the magistrate's findings were supported by the evidence in this case, indicating that the trial court reviewed the record before ruling on the objections. (Feb. 9, 2013 Decision, Doc. No. 41). Teresa has failed to affirmatively demonstrate that the trial court failed to independently review the record in this case. The fact that the trial court justified the magistrate's recommendation not to award Teresa spousal support in light of the magistrate's recommendation that Jacob make payments on the Dodge Caliber in Teresa's possession only highlights the trial court's independent review in this case.

**{¶28}** Teresa's second assignment of error is, therefore, overruled.

**{¶29}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**