[Cite as *Wilcox v. Iiams*, 2019-Ohio-3030.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY**

TABITHA N. WILCOX,

       CASE NO. 8-18-64

    PLAINTIFF-APPELLEE,

    v.

JORDAN B. IIAMS,           O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Logan County Common Pleas Court
Family Court - Juvenile Division
Trial Court No. 09-AD-117**

**Judgment Affirmed**

**Date of Decision:  July 29, 2019**

**APPEARANCES:**

    *Steven R. Fansler* **for Appellant**

    *Beverly J. Farlow* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jordan B. Iiams ("Iiams") appeals the judgment of the Logan County Court of Common Pleas, Family Court—Juvenile Division, alleging that the trial court erred by ordering a modification of their shared parenting arrangement. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Iiams and Tabitha N. Wilcox ("Wilcox") are the parents of Z.I. Doc. 1. On July 11, 2012, the trial court issued a shared parenting decree that included a shared parenting plan. Doc. 137. Under this plan, Iiams had midweek visitation time with Z.I. Doc. 137. In 2017, Wilcox began dating Charles Ferrell ("Ferrell"), who lives in Port Clinton, Ohio. Tr. 11, 56. At some point, Wilcox decided that she wanted to move to Port Clinton in order to live with Ferrell. Tr. 12. On July 13, 2017, Wilcox filed a motion for modification that requested that the terms of the shared parenting plan be adjusted to accommodate her relocation. Doc. 231. In particular, Wilcox requested that the trial court eliminate Iiams's midweek visitation time with Z.I. and change the school district that Z.I. attends. Doc. 231.

{¶3} On February 26, 2018, Wilcox and Iiams appeared at a hearing on this motion for modification before the magistrate. Tr. 1. On April 17, 2018, the magistrate issued a decision, which recommended that the trial court deny Wilcox's request to eliminate Iiams's midweek visitation with Z.I. Doc. 277. On May 1,

2018, Wilcox objected to the magistrate's decision, arguing that her requested modifications to the shared parenting plan were in Z.I.'s best interests. Doc. 278, 284. On October 8, 2018, the trial court overruled the magistrate's decision in part and ordered that the shared parenting plan be modified by eliminating Iiams's midweek visitation with Z.I. Doc. 294. The trial court then increased Iiams's summer visitation time from four weeks to six weeks and designated Wilcox as the residential parent for school placement purposes. Doc. 294.

{¶4} Iiams filed his notice of appeal on November 6, 2018. Doc. 298. On appeal, he raises the following two assignments of error:

**First Assignment of Error**

**The trial court erred in his entry by failing to apply the proper statutory and case law standard for the modification of the shared parenting plan which occurred.**

**Second Assignment of Error**

**The trial court judge erred in failing to make a proper independent analysis and in failing to give any required rationale for his decision to overrule the magistrate's decision.**

We will consider the second assignment of error before considering the first assignment of error.

*Second Assignment of Error*

{¶5} Iiams argues that the trial court failed to conduct an independent analysis of the magistrate's decision and failed to give a rationale for overruling the magistrate's recommendation.

Legal Standard

**{¶6}** "[A] magistrate is a 'subordinate officer of the trial court, not an independent officer performing a separate function.'" *Palenshus v. Smile Dental Group, Inc.*, 3d Dist. Crawford No. , 2003-Ohio-3095, ¶ 7, quoting *Pauley v. Pauley*, 2d Dist. Clark No. 2001-CA-49, 2002 WL 360664, *2 (March 8, 2002). Thus, under "Rule 53(D)(4)(d) of the Ohio Rules of Civil Procedure, when objections are filed to a magistrate's decision, the trial court must independently review the objected matters to decide if the magistrate properly determined the factual issues and appropriately applied the law." *Gilleo v. Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 46, citing Civ.R. 53(D)(4)(d).

**{¶7}** For this reason, the trial court conducts a de novo review of the magistrate's decision. *Goldfuss v. Traxler*, 3d Dist. Wyandot No. 16-08-12, 2008-Ohio-6186, ¶ 7. "[T]he trial court has broad discretion to sustain or overrule an objection to a magistrate's decision and while the magistrate is the 'initial fact finder and issue resolver,' the trial court remains the 'ultimate fact finder and issue resolver.'" *Davis v. Davis*, 5th Dist. Tuscarawas No. 2016 AP 05 0031, 2016-Ohio-7205, ¶ 47, quoting *Hrabovsky v. Axley*, 5th Dist. Stark No.2013CA00156, 2014-Ohio-1168, ¶ 28.

**{¶8}** However, "[a] trial court's failure to conduct an independent review in accordance with Civ.R. 53 is an abuse of its discretion." *Figel v. Figel*, 3d Dist. Mercer No. 10-08-14, 2009-Ohio-1659, ¶ 10. "A trial court will be found to have

abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *Mackenbach v. Mackenbach*, 3d Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 7. An appellate court is not to substitute its judgment for that of the trial court. *Id.*

{¶9} Further, "[a]n appellate court generally presumes regularity in the proceedings below; and, therefore, that the trial court conducted an independent analysis in reviewing the magistrate's decision." *Rodriguez v. Rodriguez*, 3d Dist. Mercer No. 10-13-15, 2013-Ohio-5663, ¶ 26. Thus, "the party asserting error bears the burden of affirmatively demonstrating the trial court[']s failure to perform its * * * duty of independent analysis" pursuant to Civ.R. 53(D). (Bracket original.) *Figel v. Figel*, 3d Dist. Mercer No. 10-08-14, 2009-Ohio-1659, ¶ 10, quoting *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47 (4th Dist.).

> **'[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent review of the objected matters as required by Civ.R. 53(D)(4)(d).'** *In re G.C.*, **12th Dist. Butler Nos. CA2016-12-237, CA2016-12-238, CA2016-12-239, and CA2016-12-240, 2017-Ohio-4226, ¶ 18. 'While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so.'** *Hampton v. Hampton*, **12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17. Likewise, we cannot conclude that the trial court did not conduct an independent review simply because it did not discuss every conceivable characterization of the evidence.** *See Brandon v. Brandon*, **3d Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 35.**

*Stowe v. Chuck's Automotive Repair, LLC*, 9th Dist. Summit No. 29017, 2019-Ohio-1158, ¶ 8.

Legal Analysis

**{¶10}** In this case, the judgment entry indicates that the trial court conducted an independent analysis of the magistrate's decision. In its judgment entry, the trial court examined a number of facts contained in the record. Doc. 294. The trial court considered the child's desire to move with his mother; the child's relationship with Wilcox's significant other; the fact that Wilcox had been the primary caregiver; and Wilcox's belief that a move would open up opportunities for Z.I. Doc. 294. The trial court also noted that Iiams had infrequently exercised the midweek visitation rights that Wilcox sought to terminate and that this infrequency was caused by Iiams's work schedule. Doc. 294. These listed findings of fact are an indication that the trial court conducted an independent review of the magistrate's decision. *See Giovanni v. Bailey*, 9th Dist. Summit No. 28631, 2018-Ohio-369, ¶ 24. While the appellant points to the absence of references to the transcript to support his argument, the trial court was not required under Civ.R. 53(D)(4)(d) to cite to the transcript in its judgment entry. *Stowe* at ¶ 8.

**{¶11}** Contrary to the appellant's assertion, the trial court engaged in an analysis that was not included in the magistrate's decision. The trial court determined that the elimination of midweek visitation "would reduce [Iiams's] parenting time by approximately one week's worth of hours over the course of a

year * * *." Doc. 294. Consequently, the trial court increased Iiams's summer visitation from four weeks to six weeks to compensate for the elimination of the Iiams's midweek visitation. Doc. 294. Further, the trial court also found the fact that Wilcox did not seek to eliminate the child's summer visitation time with Iiams to be significant. Doc. 294. The fact that the trial court did not adopt the magistrate's decision in full is not evidence of an abuse of discretion or evidence that the trial court did not engage in an independent analysis. Rather, the trial court is to engage in a de novo review of the magistrate's decision and is free, in its discretion, to "adopt, reject, or modify the magistrate's decision." *See Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, 964 N.E.2d 492, ¶ 4 (3d Dist.).

{¶12} Further, the appellant argues that the trial court did not consider the statutory factors under R.C. 3901.04(F)(1) to determine whether the requested modification was in the child's best interests. While the trial court did not expressly state which factors from R.C. 3901.04(F)(1) applied, the trial court referenced a number of considerations contained therein. The trial court considered the wishes of the child; the relationship of the child with any "person who may significantly affect the child's best interest"; and the wishes of the child's parents. *See* R.C. 3901.04(F)(1). Ultimately, the trial court is not required to "cite to the substantive law upon which it relied," though such citations are beneficial in the process of

appellate review. *Huntington Natl. Bank v. Findlay Machine & Tool, Inc.*, 3d Dist. Hancock No. 5-11-27, 2012-Ohio-748, ¶ 27.

**{¶13}** After examining the record, we conclude that the appellant has not carried his burden of affirmatively demonstrating that the trial court failed to conduct an independent analysis of the magistrate's decision. Further, Iiams has not pointed to evidence in the record or identified an irregularity in the proceedings to rebut the presumption that the trial court properly conducted an independent analysis of the magistrate's decision. *Rodriguez, supra*, at ¶ 26. The content of the judgment entry indicates that the trial court examined the facts of this case but came to a different conclusion from the magistrate. We do not find that the trial court abused its discretion in so ruling. The trial court's decision indicates that the trial court's decision was supported by a number of facts contained in the record. Since appellant has not carried the burden of establishing that the trial court failed to perform its duty of independent review, Iiams's second assignment of error is overruled.

*First Assignment of Error*

**{¶14}** Iiams argues that the trial court failed to apply the proper standard in ordering a modification of the existing shared parenting arrangement.

Legal Standard

**{¶15}** "Once a shared-parenting decree has issued," R.C. 3109.04(E) governs the process of modifying the terms of the shared parenting decree or the

shared parenting plan. *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 11. Under Ohio's "custody statute, a [shared parenting] 'plan' is statutorily different from a [shared parenting] 'decree' * * *." *Id*. at ¶ 29.

> **[A] shared-parenting decree grants the parents shared parenting of a child. R.C. 3109.04(D)(1)(d). An order or decree is used by a court to grant parental rights and responsibilities to a parent or parents and to designate the parent or parents as residential parent and legal custodian.**
>
> **However, a plan includes provisions relevant to the care of a child, such as the child's living arrangements, medical care, and school placement. R.C. 3109.04(G). A plan details the implementation of the court's shared-parenting order.**

*Id*. ¶ 29-30. R.C. 3109.04(E)(1)(a) applies when the trial court is considering a modification of the shared parenting *decree*. (Emphasis added.) *Sayre v. Furgeson*, 2016-Ohio-3500, 66 N.E.3d 332 (3d Dist.), ¶ 17, citing *Fisher* at ¶ 11. R.C. 3109.04(E)(2) applies when the trial court is considering a modification of the shared parenting plan. *Furgeson* at ¶ 21.

{¶16} If the modification changes a term of the shared parenting decree, a trial court must, under to R.C. 3109.04(E)(1)(a), "first find that 'a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree.'" *Furgeson* at ¶ 17, quoting R.C. 3109.04(E)(1)(a). "Second, the court must determine that 'the modification is *necessary* to serve the best interest of the child.'" (Emphasis added.) *Id*.

**{¶17}** However, if the modification changes a term of the shared parenting plan, R.C. 3109.04(E)(2) applies and provides two avenues for making modifications. *Furgeson* at ¶ 21. R.C. 3109.04(E)(2)(a, b). First, under R.C. 3109.04(E)(2)(a), both parents may jointly modify the terms of the shared parenting plan. R.C. 3109.04(E)(2)(a). Second, under R.C. 3109.04(E)(2)(b),

> **[t]he court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.**

R.C. 3109.04(E)(2)(b). "[I]f the court is only seeking to change the method of implementation of a shared parenting plan, by changing its terms, it may apply R.C. 3109.04(E)(2)(b) and look only to what is in the best interest of the child." *Sanders-Bechtol v. Bechtol*, 3d Dist. Hancock No. 5-08-08, 2009-Ohio-186, ¶ 15.

**{¶18}** R.C. 3901.04(F)(1) contains a non-exclusive list of factors for the trial court to consider in determining whether a modification to a shared parenting arrangement under R.C. 3901.04 is in the best interests of the child. R.C. 3901.04(F)(1). This list reads, in its relevant part, as follows:

> **(a) The wishes of the child's parents regarding the child's care;**
>
> **(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities**

**concerning the child, the wishes and concerns of the child, as expressed to the court;**

**(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;**

**(d) The child's adjustment to the child's home, school, and community;**

**(e) The mental and physical health of all persons involved in the situation;**

**(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;**

R.C. 3901.04(F)(1). *See Ralston v. Ralston*, 3d Dist. Marion No. 9-08-30, 2009-Ohio-679, ¶ 18. However, in addition to the contents of this list, R.C. 3901.04(F)(1) also directs the trial court to consider "all relevant factors." R.C. 3901.04(F)(1).

{¶19} This Court has previously determined that "R.C. 3109.04(E)(2)(b) applies when the [trial] court modifies the designation of a residential parent for school purposes, but otherwise maintains both parents as residential parents with the same parental rights and responsibilities." *King v. King*, 3d Dist. Union No. 14-11-23, 2012-Ohio-1586, ¶ 8. *See Fritsch v. Fritsch*, 1st Dist. Hamilton No. C-140163, 2014-Ohio-5357, ¶ 21; *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220, ¶ 42. Further, this Court and a number of other appellate districts have also determined that where shared parenting is continued, as here, the "modification of parenting time * * * should be evaluated under R.C. 3109.04(E)(2)(b), and a showing of 'change in circumstances' under R.C.

3109.04(E)(1)(a) is not required." *Gessner v. Gessner*, 2d Dist. Miami No. 2017-CA-6, 2017-Ohio-7514, ¶ 35. *See Sanders-Bechtol* at ¶ 16-18; *Kovach v. Lewis*, 5th Dist. Ashland No. 11-COA-018, 2012-Ohio-1512, ¶ 26; *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 36; *Lake v. Lake*, 11th Dist. Portage No. 2009-P-0015, 2010-Ohio-588, ¶ 70.

{¶20} "In determining the allocation of parental rights and responsibilities, the trial court is granted broad discretion." *Sanders-Bechtol* at ¶ 22. "Accordingly, a trial court's decision regarding the allocation of parental rights and responsibilities that is supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion." *Id.* An abuse of discretion is not merely an error of judgment. *Schroeder v. Niese*, 2016-Ohio-8397, 78 N.E.3d 339, ¶ 7 (3d Dist.). Rather, an abuse of discretion is present where the trial court's decision is unreasonable, arbitrary, or capricious. *Southern v. Scheu*, 3d Dist. Shelby No. 17-17-16, 2018-Ohio-1440, ¶ 10.

Legal Analysis

{¶21} On appeal, Iiams asserts that R.C. 3109.04(E)(1)(a) applies to this case. He further argues that, under R.C. 3109.04(E)(1)(a), the trial court's order is deficient because the trial court "[1] did not find a change of circumstances * * * [2] did not find that the modification is *necessary* to serve the best interest of the child," and (3) did not find that one of the factors in R.C. 3109.04(E)(1)(a)(i-iii) applied to this case. (Emphasis added.) Appellant's Brief, 8.

**{¶22}** In this case, the trial court's order (1) eliminated Iiams's midweek visitation with Z.I.; (2) granted Iiams's an additional two weeks of summer time visitation with Z.I.; and (3) designated Wilcox as the residential parent for school placement purposes. Doc. 294. These changes modified parenting time and the designation of the residential parent for school placement purposes. Doc. 294. Under the law of this district, these are modifications to the terms of the shared parenting plan and are not modifications of the shared parenting decree. *King, supra*, at ¶ 8; *Sanders-Bechtol* at ¶ 16-18. Thus, R.C. 3109.04(E)(2)(b), rather than R.C. 3109.04(B)(1)(a), applies in this case. *Furgeson, supra*, at ¶ 17, citing *Fisher, supra*, at ¶ 11.

**{¶23}** Under R.C. 3109.04(E)(2)(b), the trial court was not required to find that a change in circumstances had occurred in order to issue these modifications. R.C. 3109.04(E)(2)(b). Further, R.C. 3109.04(E)(2)(b) only requires that the trial court determine that a modification "is in the best interest of the child." R.C. 3109.04(E)(2)(b). Thus, the trial court was not required to find that the modification was "necessary to serve the best interest of the child" or to find that one of the R.C. 3109.04(E)(1)(a)(i-iii) was applicable in this case. R.C. 3109.04(E)(1)(a). Since these findings were not required under the relevant statute, the trial court did not commit any errors by not making them.

**{¶24}** Under R.C. 3109.04(E)(2)(b), the trial court needed only to "determine[] that the modification[] [was] in the best interest of the child." R.C.

3109.04(E)(2)(b). In its judgment entry, the trial court considered Z.I.'s desire to move with his mother, the wishes of Wilcox, and Iiams's opposition to these modifications. Doc. 294. *See* R.C. 3109.04(F)(1)(b). The trial court also noted that the child "does well in [Wilcox's] care"; that Wilcox has been "the child's primary caregiver over the years"; and that Z.I. and Ferrell "get along well." Doc. 294. *See* R.C. 3109.04(F)(1)(c). Further, the judgment entry stated that Iiams had not been regularly exercising his midweek visits for some time due his work schedule and that, with Z.I.'s increased summer visitation time with Iiams, this modified arrangement "would continue to ensure that the child has significant, regular time with each parent." Doc. 294.

{¶25} After reviewing the record, we do not find that the trial court abused its discretion in granting Wilcox's request to modify the shared parenting plan. The judgment entry makes clear that the trial court considered the facts of this case in reaching its conclusion that a modification would be in the best interests of the child. *See Hall v. Hall*, 4th Dist. Adams No. 16CA1030, 2017-Ohio-8968, ¶ 33 (holding that "a trial court substantially complies with R.C. 3109.04(E)(2)(b) if its reasons for modifying the terms of a shared parenting plan are apparent from the record; i.e., if it is apparent from the record that the modification is in the child's best interest."); *Hartman v. Hartman*, 8th Dist. Cuyahoga No. 107251, 2019-Ohio-177, ¶ 16 (upholding a modification when it was "apparent from the record that the trial court believed it was in the best interests of the children to modify the terms of the original

-14-

parenting plan * * *."); *Lake, supra*, at ¶ 73. For these reasons, Iiams's first assignment of error is overruled.

*Conclusion*

{¶26} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas, Family Court - Juvenile Division is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**